# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**JEFFREY RAY SUNDWALL,**
**D.O.C. # 829113,**

    **Plaintiff,**

**vs.**                                                                 Case No.  **4:22cv110-WS-MAF**

**STATE OF FLORIDA, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se and with in forma pauperis status, has filed a third amended civil rights complaint [hereinafter "complaint"], ECF No. 28, which has been reviewed as required by 28 U.S.C. § 1915A. Although Plaintiff was given guidance as to what he must do to present a viable complaint, *see* ECF Nos. 10 and 17, and given several opportunities to do so, the deficiencies have not been corrected.

First, the complaint is brought against the State of Florida, the "F.W.C" (the Florida Fish and Wildlife Conservation Commission), the Florida First District Court of Appeal, and the Florida Department of

Corrections.  ECF No. 28 at 2.  However, those are not appropriate Defendants in this case because they cannot be sued under § 1983.  Suits against States and state officials are not possible pursuant to 42 U.S.C. § 1983 because the State, state agencies, and state officials acting in their official capacity are not "persons" as intended by § 1983.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 S. Ct. 2304, 2308-2311, 105 L. Ed. 2d 45 (1989).  Furthermore, the State of Florida and its agencies are immune from suits for money damages in this Court by force of the Eleventh Amendment.  Carr v. City of Florence, Alabama, 916 F.2d 1521, 1524 (11th Cir. 1990).  The complaint must be dismissed as to those four Defendants.

Second, Plaintiff has sued three FWC Officers and one FWC clerk, one clerk from the Florida First District Court of Appeal, and one clerk from the Department of Corrections.  ECF No. 28 at 2.  All claims against the FWC Officers are based on events which transpired on November 15, 2017, January 17, 2017, January 17, 2018.  *Id.* at 6-8.  Although Plaintiff's allegations against the FWC officers are not as clear in this version of the complaint as they were in prior versions, the claims arise from the seizure of vessels.  Plaintiff contends those seizures - committed through quasi-

judicial proceedings - amount to "taking without just compensation." ECF No. 28 at 6.

This case was initiated on March 15, 2022. ECF No. 1. A civil rights action brought pursuant to § 1983 is governed by the forum state's general personal injury statute of limitations. Wallace v. Kato, 549 U.S. 384, 387, 127 S. Ct. 1091, 1094, 166 L. Ed. 2d 973 (2007) (citing Owens v. Okure, 488 U.S. 235, 249-50, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989)). Florida, the forum state for this Court, observes a four year personal injury statute of limitations. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996); Fla. Stat. § 95.11(3). The statute of limitations begins to run when the plaintiff knows that he has been injured and who inflicted that injury. Chappell, 340 F.3d at; Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003) (holding that the limitations period begins to run "from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights"). It is apparent that Plaintiff knew of his injuries upon issuance of the agency notices. *Id.* at 7-8. Thus, Plaintiff's claims against the FWC officer Defendants are barred by the statute of limitations.

Plaintiff's claim against the FWC clerk, Jill Canfield, is that on May 4, 2018, she wrongfully applied Florida Statute 57.085(7).[1] ECF No. 28 at 6. Plaintiff contends "[t]his was found to be unconstitutional by" two state court cases. ECF No. 28 at 6. Plaintiff's claim is conclusory only and insufficient as a matter of law. It is also unclear how a clerk with FWC would be in a position to apply a state statute which deals with an indigency determination in court. Moreover, the claim is unsupported by facts which demonstrate that Defendant Canfield violated Plaintiff's federal constitutional rights.

It is well established that § 1983 "does not create a remedy for every wrong committed under the color of state law, but only for those that deprive a plaintiff of a federal right." Knight v. Jacobson, 300 F.3d 1272, 1275 (11th Cir. 2002) (quoted in March v. Dep't of Children and Families, No. 2:03cv162, 2006 WL 2644917 (M.D. Fla. Sept. 14, 2006)). A violation

---

[1] The statute provides: "A prisoner who has twice in the preceding 3 years been adjudicated indigent under this section, certified indigent under s. 57.081, or authorized to proceed as an indigent under 28 U.S.C. s. 1915 by a federal court may not be adjudicated indigent to pursue a new suit, action, claim, proceeding, or appeal without first obtaining leave of court. In a request for leave of court, the prisoner must provide a complete listing of each suit, action, claim, proceeding, or appeal brought by the prisoner or intervened in by the prisoner in any court or other adjudicatory forum in the preceding 5 years. The prisoner must attach to a request for leave of court a copy of each complaint, petition, or other document purporting to commence a lawsuit and a record of disposition of the proceeding." FLA. STAT. § 57.085(7).

of state law does not demonstrate a federal constitutional violation. *See* Dean v. Escambia Cnty., No. 3:05cv29/LAC/MD, 2005 WL 927387 (N.D. Fla. Apr. 20, 2005) (holding that "[a]n alleged violation of a state statute does not give rise to a corresponding § 1983 violation, unless the right encompassed in the state statute is guaranteed under the United States Constitution"). Even assuming the clerk erroneously or wrongfully applied the state statute, that is insufficient to show the Defendant violated Plaintiff's constitutional rights. The complaint is insufficient to her and must be dismissed.

The claims brought against the First D.C.A. clerk, Defendant Kristina Samuels, is based on Plaintiff's efforts to appeal the results of his FWC case. ECF No. 28 at 8. Plaintiff claims that she "rendered a consolidated invalid order" that sanctioned him. *Id.* at 9. Plaintiff said the order barred him from filing future pro se filings in the First D.C.A. *Id.* Although Plaintiff made various conclusory assertions about her actions, he also attached to his complaint two letters received from Kristina Samuels, Clerk of the Court for the Florida First D.C.A. Those letters reveal she returned documents to Plaintiff and informed him that she could not accept "any pro se filings" received from Plaintiff. The first letter indicated the filing was returned

"[p]ursuant to this Court's order in case 1D20-1696 issued March 5, 2020." ECF No. 28 at 22.  The second, third, and fourth letters returned documents "[p]ursuant to this Court's March 5, 2021, order in case 1D20-1696."  ECF No. 28 at 23-25.  Accordingly, Defendant Samuels was acting in compliance with, and pursuant to, court orders entered by a state court judge.

Clerks of court "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction," but they are only protected by "qualified immunity from all other actions for damages."  Hyland v. Kolhage, 267 F. App'x 836, 842 (11th Cir. 2008) (quoting Tarter v. Hury, 646 F.2d 1010, 1013 (5th Cir. 1981)); Williams v. Wood, 612 F.2d 982, 984-85 (5th Cir. 1980) (per curiam) (clerk has absolute immunity when carrying out judge's explicit instructions and only qualified immunity when performing routine ministerial duties); Jenkins v. Clerk of Court, 150 F. App'x 988, 990 (11th Cir.2005) (clerks of court are nonjudicial officials who have absolute immunity for their duties that are integrally related to the judicial process).  Plaintiff cannot sue a clerk for complying with a state court judge's order.

Moreover, to the degree Plaintiff's request for relief is to hold the "sanction" imposed on him "unconstitutional" or "invalid," *see* ECF No. 28 at 12 and 16, Plaintiff is not entitled to that relief in this Court. This Court lacks authority to overturn an order entered by the Florida First D.C.A. Any relief must be sought through an appeal of that decision, but a federal district court is not an appellate court.

Furthermore, the *Rooker-Feldman* doctrine bars federal district courts from reviewing final decisions of a state court. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). The *Rooker-Feldman* doctrine precludes a loser in state court from challenging a judgment entered in state court, "based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 2654, 129 L.Ed.2d 775 (1994) (quoted in Brown v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, 1330 (11th Cir. 2010). Here, Plaintiff's claim is that the "sanction" violated his constitutional rights. It is a challenge that cannot be presented in this Court. The claim is barred by the *Rooker-Feldman* doctrine.

The final claim asserted in this case is against a "clerk" with the Department of Corrections.  ECF No. 28 at 2.  Plaintiff claims only that the clerk, Ms. Burnsed, was "[derivative] of FWC's errors" and violated his Constitution. rights.  *Id.* at 8.  That claim is conclusory only and is insufficient to state a claim upon which relief may be granted.  Plaintiff has not demonstrated how she violated his rights.

Plaintiff has had sufficient opportunity to present a viable complaint.  No further opportunities to amend should be provided.  This case should be dismissed for failure to state a claim.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 28, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on March 1, 2023.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**